UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE E. GREENE,

    Plaintiff,

v.

DOUGLAS, M. GODFREY, C. WALKER, M. DESCO, PRICE, S. MORGAN, J. NIEMIEC, R. SMITH, McFARLAND, CUNNINGHAM, THOMAS, HISTED, HINGSTON, ROY, GIBAS, JOYNER, COLLIER, and LARUE,

    Defendants.
_____/

Case No. 2:22-cv-12626
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 32)[1]

### I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Lawrence E. Greene (Greene), proceeding *pro se* and *in forma pauperis*, filed a complaint naming Douglas, M. Godfrey, C. Walker, M. Desco, Price, S. Morgan, J. Niemiec, R. Smith, McFarland, Cunningham, Thomas, Histed, Kline, Hingston,

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

Roy, Gibas, Joyner, Collier, and Larue as defendants, all of whom are employed by the Michigan Department of Corrections (MDOC).[2] He alleges that he was assaulted by an unknown prisoner on September 3 and 8, 2022; that Saginaw Correctional Facility (SRF) administration, custody, and housing staff ignored his multiple requests for protection before and after the assaults; that his requests for medical care after the assaults were denied by SRF custody staff; that SRF custody staff subjected him to excessive force after the September 8, 2022 assault; and that he was subject to racial remarks and discrimination by SRF custody staff. *See* ECF No. 1. Under 28 U.S.C. § 636(b), all pretrial matters were referred to the undersigned. (ECF No. 10).

Before the Court is defendants' motion for summary judgment on the basis of exhaustion. (ECF No. 32). The motion is fully briefed. (ECF Nos. 34, 35). For the reasons stated below, it is RECOMMENDED that defendants' motion be GRANTED. If this recommendation is adopted, all of Greene's claims will be DISMISSED WITHOUT PREJUDICE.

    II.  Motion for Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary

---

[2] The docket does not list Kline as a defendant, and it does not appear that he was ever served. However, as will be explained, Greene did not appeal any grievance to Step III of the MDOC process, meaning he did not properly exhaust any of his claims against any defendant, including Kline.

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Greene is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage,

3

as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

## III. Analysis

### A. Exhaustion Standard

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the

evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The MDOC has established a three-step process to review and resolve prisoner grievances. "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). As noted by the Court in *Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. To be sufficient, a grievance need not "allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated with respect to other principles by Jones v. Bock*, 549 U.S. 199 (2007). Nonetheless, the grievance must give "fair notice of the alleged mistreatment or misconduct that forms the basis of the

5

constitutional or statutory claim made against a defendant in a prisoner's complaint." *Id.*

B. Application

Defendants argue that Greene did not exhaust any claims against them because he did not appeal any of his grievances through Step III of the MDOC process. (ECF No. 32, PageID.127). *See, e.g.*, *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2 (E.D. Mich. June 1, 2022) ("The grievance process is exhausted once the final response is issued in Step III."). Defendants attach to their motion a Step III Grievance Report, which reflects that Greene has *never* appealed a grievance to Step III. (ECF No. 32-3).

In response, Greene contends that his attempts to exhaust his claims against defendants were thwarted. Specifically, he says that he "filed several grievances as well as making several other attempts to resolve [his] issues but to no avail [because] nothing was ever done to resolve the problem[.]" (ECF No. 34, PageID.144). Greene further says that he

> made several attempts to make the administration aware that [he] was not being provided the proper tools to make a full and complete complaint, [and that] the arguements [sic] of failure to exhaust remedies is not valid and is only a poor excuse to overlook the wrongdoings and injustice [he] was subjected to by the MDOC while housed at [SCF].

(*Id.*).

The undersigned construes Greene's response as challenging the availability

6

of the grievance process. Defendants do the same in their reply brief. *See* ECF No. 35.

Under the PLRA, a prisoner-plaintiff must exhaust all "available remedies." *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

> The Supreme Court has identified three situations in which an administrative procedure is unavailable to prisoners and is therefore not subject to the exhaustion requirement: (1) when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) when some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it because it is so opaque or so confusing; and (3) when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Lamb v. Kendrick*, 52 F.4th 286, 292-293 (6th Cir. 2022) (cleaned up). Notwithstanding, "[e]ven if an inmate has evidence to show that an administrative procedure was unavailable, he is not automatically absolved from the PLRA's exhaustion requirement because this Circuit requires inmates to make affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Id*. (internal quotation marks and citations omitted).

Here, Greene only offers vague assertions in support of his argument that the grievance process was unavailable to him. He does not, for example, say that MDOC officials interfered with his ability to appeal the rejections of his grievances.

7

To the extent that Greene argues that he chose not to appeal his grievances to Step III because his other efforts to resolve issues had been unsuccessful, this argument does not carry the day. This is because "[a] prisoner's subjective belief that the grievance process would be ineffective cannot excuse failure to exhaust the prison grievance procedure prior to filing suit." *Stevens v. Potila*, No. 14-CV-10863, 2015 WL 1245889, at *3 (E.D. Mich. Mar. 18, 2015) (citing *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) ("To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." (internal quotation marks and citations omitted))).

In sum, Greene has failed to show a genuine issue of material fact as to the availability of the grievance process. He has also failed to show a genuine issue of material fact as to whether he pursued any grievances to Step III as required. Therefore, defendants' motion for summary judgment on the basis on exhaustion should be granted given the uncontroverted evidence that Greene has never appealed a grievance to Step III of the MDOC process.

## IV.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that defendants' motion for summary judgment on the basis of exhaustion, (ECF No.

32), be GRANTED.

Dated: September 27, 2023           s/Kimberly G. Altman
Detroit, Michigan           KIMBERLY G. ALTMAN
         United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2023.

                                              s/Carolyn Ciesla
                                              CAROLYN CIESLA
                                              Case Manager